1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

PASCUAL VALENZUELA,

                    Defendant.

Case No.  CR12-062RSL

ORDER GRANTING UNITED
STATES' APPEAL OF
MAGISTRATE'S DECISION TO
RELEASE DEFENDANT PENDING
TRIAL

This matter comes before the Court on "United States' Appeal Re: Release of

Pascual Valenzuela" (Dkt. # 182) (hereinafter United States' appeal).  The United States

asks the Court to reverse the decision of the Honorable Mary Alice Theiler, United States

Magistrate Judge, releasing Defendant Pascual Valenzuela pending trial.  Having

conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and reviewed the "United

States' Supplemental Memorandum Re: Appeal of Release of Pascual Valenzuela" (Dkt.

# 199) (hereinafter supplemental memorandum), as well as the record before Magistrate

ORDER GRANTING UNITED STATES' APPEAL OF
MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 1

1    Judge Theiler, the Court finds that no condition or combination of conditions will

2    reasonably assure the appearance of Defendant as required or the safety of other persons

3    and the community.  Therefore, the Court grants the United States' appeal and orders

4    Defendant be detained pending trial.

5                                          **BACKGROUND**

6              Defendant, an alleged leader of the Berrelleza Drug Trafficking Organization

7    (DTO),[1] is charged with conspiracy to distribute heroin and methamphetamine and

8    conspiracy to engage in money laundering.  On April 12, 2012, the magistrate judge

9    found that Defendant should be released on a personal recognizance bond with pretrial

10   supervision and other conditions pending his trial.  Since that time, the United States has

11   filed under seal a supplemental memorandum alleging additional information concerning

12   Defendant's ties to Mexico, the threat he poses to the community, and his post-<u>Miranda</u>

13   confession.  <u>See</u> Dkt. # 199.  This information was not before the magistrate judge.

14                                           **ANALYSIS**

15   I.      THE BAIL REFORM ACT

16             The Bail Reform Act, 18 U.S.C. § 3142(e), requires a court to order detention of a

17   person pending trial upon finding, after a hearing, "that no condition or combination of

18   conditions will reasonably assure the appearance of the person as required and the safety

19   of any other person and the community . . . ."  Pretrial detention should only be granted

20   "in rare circumstances . . . and any doubts regarding the propriety of release should be

21   resolved in the defendant's favor."  <u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir.

22   1991).  The United States must prove by clear and convincing evidence that the defendant

23   _____

24        [1]The DTO is the subject of this case and involves thirty defendants.

25

26   ORDER GRANTING UNITED STATES' APPEAL OF
     MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 2

1  poses a danger to the community or, by a preponderance of the evidence, that the

2  defendant is a flight risk. Id.

3        In assessing whether to detain or release a defendant, the Court must consider (1)

4  the nature and seriousness of the offenses charged, (2) the weight of the evidence against

5  the defendant, (3) the defendant's character, physical and mental condition, family and

6  community ties, past conduct, history relating to drug or alcohol abuse, and criminal

7  history, and (4) the nature and seriousness of the danger to any person or the community

8  that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  The weight of the

9  evidence against the defendant is the least important of these factors, and the Court may

10 not engage in a pretrial determination of guilt or innocence.  United States v. Motamedi,

11 767 F.2d 1403, 1408 (9th Cir. 1985).

12       Section 3142(e) provides that a rebuttable presumption against pretrial release

13 arises when a court finds probable cause that the defendant committed an offense under,

14 inter alia, the Control Substances Act, 21 U.S.C. § 841.  See 18 U.S.C. § 3142(e)(3)(A).

15 For purposes of § 3142(e), an indictment by a grand jury establishes probable cause

16 triggering the presumption.  See United States v. Ward, 63. F. Supp. 2d 1203, 1209 (C.D.

17 Cal. 1999) (citing cases from the First, Second, Third, Sixth, Seventh, and Eleventh

18 Circuits).  In order to rebut the presumption, the defendant must produce evidence that he

19 does not pose a danger to the community or a risk of flight.  United States v. Abad, 350

20 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case such as this, a defendant bears a

21 limited burden of production—not a burden of persuasion . . . .'" (quoting United States

22 v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001))).  If the defendant meets his burden of

23 production, "'the presumption favoring detention does not disappear entirely, but remains

24

25

26 ORDER GRANTING UNITED STATES' APPEAL OF
   MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 3

1  a factor to be considered among those weighed by the district court.'" Id. (quoting

2  Mercedes, 254 F.3d at 436).

3       Under § 3145(a), if a magistrate judge orders a person released pending trial, the

4  United States may request that a court with original jurisdiction revoke the release. 18

5  U.S.C. § 3145(a)(1). The Court reviews de novo a magistrate judge's detention order.

6  See United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

7  II.    PRESUMPTION AGAINST DEFENDANT'S RELEASE

8       Defendant is charged with violating § 841 of the Controlled Substances Act.

9  See 21 U.S.C. § 841(a)(1) (prohibiting the manufacturing and distribution of controlled

10  substances). Under § 841(b)(1)(A), violations of § 841(a) involving one kilogram or

11  more of heroin, id. § 841(b)(1)(A)(i), or fifty grams or more of methamphetamine, id.

12  § 841(b)(1)(A)(viii), require a minimum prison sentence of ten years. The United States

13  seized over twenty pounds of heroin and thirty pounds of methamphetamine during the

14  investigation of this case. A grand jury indicted Defendant, and twenty-nine others, for

15  knowingly and intentionally conspiring to distribute methamphetamine and heroin. As a

16  result, probable cause exists that Defendant committed an offense under the Controlled

17  Substance Act that carries a mandatory minimum ten-year sentence, and a rebuttable

18  presumption arises against Defendant's release. See 18 U.S.C. § 3142(e)(3)(A); Ward,

19  63 F. Supp. 2d at 1209.

20       During the hearings before the magistrate judge and this Court, Defendant

21  produced evidence of substantial family ties to the Western District of Washington. The

22  Court also notes that he owns a house in Snohomish, Washington, and operates a

23  landscaping business in the area. Before the magistrate judge, Defendant asserted that he

24

25

26  ORDER GRANTING UNITED STATES' APPEAL OF
MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 4

1   fears returning to Mexico because of threats made against him by Mexican drug cartel

2   leaders. This evidence suffices to meet Defendant's burden of production in relation to

3   the risk of flight. See Abad, 350 F.3d at 797. However, Defendant failed to produce

4   evidence countering the presumption that he poses a danger to the community. Even

5   assuming arguendo that Defendant had produced evidence on this latter point, the Court

6   finds that application of the statutory factors requires Defendant's detention pending

7   trial.[2]

8   III.    THE STATUTORY FACTORS WEIGH AGAINST RELEASING DEFENDANT
            PENDING TRIAL
9
            A.  Nature and Seriousness of the Offense
10
        Defendant is charged with serious offenses involving the distribution of large
11
    quantities of heroin and methamphetamine. See United States v. Christie, 10-00384SOM,
12
    2010 WL 2900371, at *4 (D. Haw. July 20, 2010) ("The nature of the offense weighs
13
    strongly in favor of detention, as the distribution of drugs is a serious offense." (citing
14
    United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990))). The United States
15
    alleges that Defendant played a leading role in the DTO conspiracy that smuggled
16
    kilogram-quantities of drugs from Mexico into the United States and, ultimately, locations
17
    in Snohomish and Skagit Counties. The DTO sold the heroin and methamphetamine
18
    locally and shipped some to other states. According to the United States, Defendant
19
    directed the procurement of assault rifles, a sniper rifle, handguns, and body armor. He
20
    attempted to smuggle these weapons into Mexico for use by the Beltran-Leyva Drug
21

22  _____

23      [2]Where a defendant produces evidence that he does not pose a flight risk or danger to the
    community, the Court may still consider the presumption as a factor in determining whether he
24  should be detained pending trial. See Abad, 350 F.3d at 797.

25
    ORDER GRANTING UNITED STATES' APPEAL OF
26  MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 5

1  Cartel.

2      The alleged offenses carry long terms of incarceration.  Violations of 21 U.S.C.

3  § 841(b)(1)(A) require a minimum ten-year prison sentence.  The United States intends to

4  supersede the indictment and add charges under 18 U.S.C. § 924(c) further increasing the

5  mandatory minimum sentence.  See, e.g., id. § 924(c)(1)(B)(ii) (requiring a minimum

6  thirty-year prison sentence for persons who, in furtherance of drug trafficking crimes,

7  possess a machine gun).  The prospect of such a long term of incarceration provides

8  ample incentive for Defendant to flee prior to trial.

9      Thus, given the lengthy potential prison sentence as well as the alleged magnitude

10  of the drug conspiracy, links with the violent Beltran-Leyva cartel, and possession of

11  military-grade firearms, this first factor weighs heavily in favor of pretrial detention.

12      B.  Weight of the Evidence

13      The second factor also weighs in favor of detention.  Substantial evidence,

14  including six-months worth of recorded phone calls and a post-Miranda confession to

15  opium production and heroin smuggling, implicates Defendant in conspiracies involving

16  drugs, money laundering, firearms, and a Mexican drug cartel.  Furthermore, the

17  supplemental memorandum contains evidence of Defendant's (1) substantial ties to, and

18  ongoing interactions with, individuals in Mexico and (2) phone conversations where he

19  threatens to harm associates involved in drug production and distribution.  Dkt. # 199.

20  While the weight of the evidence is the least important factor, see Motamedi, 767 F.2d at

21  1408, it nevertheless counsels against releasing Defendant pending trial.

22      C.  Defendant's Character, Physical and Mental Condition, Family Ties, and Past
          Substance Abuse and Criminal  History

23      This factor weighs against release as well.  The supplemental memorandum

24

25

26

documents phone conversations evidencing ongoing communications with individuals in Mexico. These conversations raise serious concerns as to Defendant's ability and willingness to flee the country before trial. Defendant admits to an alcohol abuse problem and his wife described him as a binge drinker. His criminal history, although free from any felony offenses, shows convictions for misdemeanors including possession of stolen property, assault, violating a protection order, and driving under the influence (DUI). Twice, in 2007, Defendant failed to appear in court for his DUI prosecution. Also relevant to the analysis of Defendant's character and past history are allegations, supported by evidence in the record, that he acquired military-grade weapons, dealt with leaders of the violent Beltran-Leyva Drug Cartel, and threatened to harm people during government-monitored phone conversations. Finally, the United States alleged at the hearing before this Court that during a recorded phone call Defendant advised Jeremy McCrorey, another defendant in this case, to flee to Mexico rather than face state charges and potential incarceration. For all these reasons, the Court finds this factor weighs in favor of pretrial detention.

        D. Nature and Seriousness of the Danger to Any Person or the Community

        Analysis under the three prior factors illustrates the danger Defendant poses to individual persons and the community. The United States alleges Defendant acted as a leader in a conspiracy involving drugs, guns, and a Mexican drug cartel. Defendant, according to the United States, directed the procurement of military-grade weapons and intended to smuggle these weapons into Mexico for use by a the Beltran-Leyva cartel. In recorded phone conversations, Defendant personally threatened to harm associates involved in the drug distribution network. The alleged facts of this case illustrate the

ORDER GRANTING UNITED STATES' APPEAL OF
MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 7

1    inherent danger illegal drug distribution poses to communities.  See United States v.

2    Bethea, 763 F. Supp. 2d 50, 54 (D.D.C. Cir. 2011) ("The purchase and sale of narcotics is

3    an inherently dangerous activity, and [the defendant] poses a danger to the community

4    through his cocaine and crack cocaine distribution.").

5              E. Presumption Against Release

6              Although Defendant produced evidence rebutting the presumption against release,

7    the Court still considers this as a factor in its analysis.  See Abad, 350 F.3d at 798.  As

8    discussed earlier, Defendant allegedly possessed and distributed large amounts of heroin

9    and methamphetamine in violation of the Controlled Substances Act.  See 21 U.S.C.

10   § 841.  This prohibited conduct carries a ten-year mandatory minimum violation, id.

11   841(b)(1)(A), triggering the statutory presumption against release, 18 U.S.C.

12   § 3142(e)(3)(A).  This is another factor weighing in favor of pretrial detention.

13   IV.    CONCLUSION

14             All statutorily prescribed factors, including the presumption against release, weigh

15   in favor of detaining Defendant pending trial.  Defendant allegedly engaged in activities

16   involving large quantities of drugs, military-grade weapons, money laundering, and

17   dealings with the violent Beltran-Leyva Drug Cartel. The Court finds by clear and

18   convincing evidence that no conditions of release can reasonably assure Defendant's

19   appearance at trial or ensure the safety of the community.[3]

20                         *              *              *

21             For all of the foregoing reasons, and based on its de novo review of the record, the

22

23        [3]The Court recognizes that it need only find by a preponderance of the evidence that
     Defendant poses a flight risk.  See Gebro, 948 F.2d at 1121.  However, the record supports

24   findings by clear and convincing evidence that Defendant not only poses a danger to the
     community, but also that no conditions of release can reasonably assure his appearance at

25   trial.

26   ORDER GRANTING UNITED STATES' APPEAL OF
     MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 8

Court GRANTS the United States' appeal, Dkt. # 182, and orders Defendant detained pending trial.

DATED this 19th day of April, 2012.

Robert S. Lasnik
United States District Judge

ORDER GRANTING UNITED STATES' APPEAL OF
MAGISTRATE'S DECISION RELEASING DEFENDANT PENDING TRIAL - 9