UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PASCUAL VALENZUELA,<br><br>Defendant. | Case No. CR12-62RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)." Dkt. #1496. The Court, having considered the motion, exhibits, and the record contained herein, finds as follows:

**I.    PROCEDURAL MOTIONS**

As a threshold matter, the Court finds compelling reasons justify sealing the government's response and attached exhibits. The government's motion to seal (Dkt. #1500) is accordingly GRANTED. In addition, the parties' motions to file overlength briefs (Dkts. #1495, #1499, #1502) are GRANTED.

**II.    BACKGROUND**

Defendant is a 60-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Sheridan. On April 25, 2013, defendant pled guilty to (1) conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, (2) conspiracy to engage in money laundering in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), and (a)(1)(B)(i), and (3) conspiracy to possess firearms in furtherance of drug trafficking crimes

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

and crimes of violence, in violation of 18 U.S.C. § 924(o). Dkt. #865. On October 31, 2014, the Court sentenced defendant to 144 months' imprisonment and five years of supervised release. Dkt. #1329. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on June 19, 2022. He has remained in custody since the day of his arrest on March 29, 2012, and he now moves for compassionate release.

### III.   LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> > > >
> > > > (ii) . . .

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

> compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> 3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> 4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.

For the reasons set forth in detail in <u>United States v. Van Cleave</u>, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." <u>Id.</u> The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. <u>Id.</u>

### IV. DEFENDANT'S CIRCUMSTANCES

#### a. Exhaustion Requirement

Before the Court can consider the merits of defendant's motion, it must determine whether he has met the statutory exhaustion requirement for compassionate release. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

1  request with the Warden of FCI Sheridan on July 20, 2020.  See Dkt. #1496-1 (Ex. 1).  Although
2  his request appears to have gone unanswered, more than 30 days have elapsed since it was filed.
3  18 U.S.C. § 3582(c)(1)(A).  Finding that defendant has exhausted his administrative remedies,
4  the Court will consider the merits of his motion for compassionate release.

5                                                        **b.  "Extraordinary and Compelling" Reasons**

6        Defendant's motion for compassionate release is based primarily on his heightened risk
7  for developing serious complications if he contracts COVID-19 while incarcerated at FCI
8  Sheridan.  The Court need not reiterate the widely known information regarding the symptoms
9  of COVID-19 and the devastating global impact of the virus.  COVID-19 has created
10 unprecedented challenges for federal prisons, where inmate populations are large and close
11 contact between inmates is unavoidable.  As of October 16, 2020, the BOP reports 1,737 federal
12 inmates and 778 BOP staff have active, confirmed positive COVID-19 test results.  See
13 COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited
14 Oct. 16, 2020).  Since the BOP reported its first case in late March 2020, at least 126 federal
15 inmates and two BOP staff members have died from the virus.  Id.  Fortunately, FCI Sheridan
16 currently reports no active cases of COVID-19, but five inmates are classified as "recovered"
17 from the virus.  Id.

18       Defendant alleges that he is at higher risk for developing complications from COVID-19
19 based on his age, obesity, and hypertension.  Dkt. #1496 at 3-10.  The government concedes that
20 defendant's age of 60 places him at higher risk, but argues that "[t]he greatest risk for severe
21 illness from COVID-19 is among those aged 85 and older."  Dkt. #1501 at 6 (citing Older
22 Adults, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-
23 adults.html (last visited Oct. 16, 2020)).  The government also questions whether defendant's
24 weight places him at high risk for COVID-19.  Id. at 6-7.  However, defendant's PSR indicates
25 that he is 5'9" tall and weighs 235 pounds.  PSR at ¶ 86.  Defendant's corresponding body mass
26 index ("BMI") reflects obesity, an underlying medical condition that the CDC has identified as
27 increasing an individual's risk for severe illness from COVID-19.  People with Certain Medical
28 Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

with-medical-conditions.html (last visited Oct. 16, 2020).  Finally, the government questions whether defendant truly suffers from hypertension.  Dkt. #1501 at 7-8.  While defendant's BOP medical records do not contain a formal diagnosis of hypertension, his records do confirm numerous hypertensive blood pressure readings in recent years, reaching as high as 181/202 in 2019.  See, e.g., Dkt. #1497 (Ex. 2) at 54.  The CDC has advised that individuals with hypertension may be at an increased risk for severe illness from COVID-19.  People with Certain Medical Conditions, supra.

In light of the dangers posed by COVID-19, the Court finds the combination of defendant's age, obesity, and elevated blood pressure concerning.  The Court also notes that, including time in pretrial detention, defendant has served more than eight years in prison.  He now has less than two years remaining on his sentence.  Viewing all of defendant's circumstances together, the Court finds defendant has met his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release.  18 U.S.C. § 3582(c)(1)(A)(i).

### c. Additional Considerations

Before the Court can grant defendant's motion for compassionate release, however, it must also find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  The government asserts that defendant's record precludes such a finding.  Dkt. #1501 at 15-16.  There is no question that the offenses for which defendant has served the current term of imprisonment are very serious.  However, the Court notes that defendant has served more than eight years of his lengthy sentence and has less than two years remaining.  Additionally, defendant has demonstrated prosocial behavior while in prison, including completing a variety of educational programs.  Dkt. #1496-4 (Ex. 5).  He has a near perfect prison disciplinary record, and his sole infraction was non-violent.  Dkt. #1496-3 (Ex. 4).  Defendant also has an approved release plan, which includes residing with his ex-wife, with whom he co-parents his children and has a good relationship.  Dkt. #1504.  Ms. Valenzuela appears to be invested in defendant's transition into the community, and will support defendant financially until he can obtain employment.  Id.  In light of these circumstances, the Court finds

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 7

defendant is not a danger to the safety of any other person or to the community as provided in § 3142(g). See U.S.S.G. § 1B1.13.

In addition, prior to granting compassionate release, the Court must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which requires that a sentence reflect the seriousness of and provide just punishment for the offense. 18 U.S.C. § 3553(a). Again, the offenses that led to defendant's current term of imprisonment are very serious. But the extraordinary nature of the COVID-19 pandemic has altered life as we know it. While defendant deserved the sentence the Court imposed in 2014, he has now served a large portion of that sentence. The risks to defendant's life and health now outweigh the punitive benefits that would be gained from keeping him incarcerated. Cf. United States v. Pippin, CR16-266-JCC, 2020 WL 2602140, at *3 (W.D. Wash. May 20, 2020). Accordingly, the Court intends to convert defendant's remaining term of imprisonment into a one-year term of home detention as an additional condition of supervised release. Under these circumstances, the Court is satisfied that defendant's sentence reduction is consistent with the objectives of § 3553(a).

## V.   CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. #1496) is GRANTED. Additionally, the government's motion to seal (Dkt. #1500) and the parties' motions to file overlength briefs (Dkts. #1495, #1499, #1502) are GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served. Supervised release shall commence immediately upon defendant's release from custody, during which time defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment (Dkt. #1329), as well as the other conditions set forth in this Order:

- The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology for a period of 12 months. The defendant is restricted to his residence at all times

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8

> except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

- The defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic.

All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that defendant shall be released to his approved release address fourteen (14) days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons.  If defendant tests positive for COVID-19 at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so that this order can be modified appropriately.

IT IS SO ORDERED.

DATED this 19th day of October, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge